LAW OFFICES
# FISHMAN & CALLAHAN
A PROFESSIONAL CORPORATION
120 EAGLE ROCK AVENUE
EAST HANOVER, NEW JERSEY 07936
(973) 560-9000
FAX (973) 560-0060

STANLEY P. FISHMAN *^
TRACY G. CALLAHAN *^
SCOTT D. SAMANSKY =
ROY F. VIOLA, JR. >
CHRISTOPHER E. McINTYRE
ROBIN SAMMER BEHN *
DANIELLA S. KREINER ^^
LAUREN B. DiSARNO
STEPHEN R. DANEK
APARNA P. KOTHARI
MICHAEL N. DORFMAN *
CLIFFORD I. BASS <
JAYNE F. MONAHAN "
DAVID M. BERKLEY **
ANNA MELHEM <
BRIAN S. LENT <

OF COUNSEL
T. ALAN WYLE <
^ CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

NEW YORK OFFICE
1 BLUE HILL PLAZA
PO BOX 1535
PEARL RIVER, NY 10965
(845) 620-1441
FAX (845) 620-1432

SOUTH JERSEY OFFICE
1847 ROUTE 70 EAST
CHERRY HILL, NJ 08003
(856) 751-9205
FAX (856) 751-9001

* NJ & NY BARS
= NJ & DC BARS
> NJ & PA BARS
^^ NJ, NY & FL BARS
< NY BAR
" NY & CA BARS
** NY & FL BARS

March 3, 2004
Electronic filing and Lawyers service

United States District Court Clerk
United States District Court
U.S. Post Office and Courthouse Building
Newark, New Jersey 07101

  Re: Mardyks v. Kristoff, et als.
    Civil Action No. 01-3785 (F.S.H.)
    Our File No. PL1-174

Dear Sir or Madam:

This law firm represents the plaintiff, Ronnie Mardyks, in connection with the above captioned matter. It is our understanding defendant filed a Notice of Motion in Limine returnable before the Honorable Faith S. Hochberg, U.S.D.J. Pursuant to our telephone conversation with Larry MacStravic, our opposition must be filed by March 5, 2004. Kindly accept the enclosed original and one copy of plaintiff's Brief in opposition to said motion. A copy of this correspondence and the Brief has been forwarded to Susan Handler-Menahem, Esq., counsel for the defendants, as well as to the Honorable Faith S. Hochberg, U.S.D.J.

Prior to the filing of the motion, this case was scheduled for trial before Judge Hochberg on March 9, 2004. The trial has since been adjourned without a new date, and we do not know when the motion is returnable. Plaintiff requests confirmation from the Court as to the date for when the motion will be returnable, and further requests oral argument be heard.

Thank you for your consideration in this regard.

          Respectfully submitted,

          SCOTT D. SAMANSKY
          scott@fishman-callahan.com

SDS/mp
Enclosure
cc: Hon. Faith S. Hochberg, U.S.D.J.
   Susan Handler-Menahem, Esq.(Via fax 973-297-2010)

Our File No.: PL1-174-FP
FISHMAN & CALLAHAN, P.C.
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
(973)560-9000
Attorney for Plaintiff, Ronnie Mardyks

| | |
|---|---|
| RONNIE C. MARDYKS, | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff, | HON. FAITH S. HOCHBERG |
| vs. | |
| THOMAS J. KRISTOFF, UNITED STATES OF AMERICA and JOHN DOES, 1-10. | CIVIL ACTION NO. 01-3785 |
| Defendants. | |

### BRIEF OF PLAINTIFF RONNIE MARDYKS IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

On the Brief:

SCOTT D. SAMANSKY
FISHMAN & CALLAHAN
Attorney for Plaintiff Ronnie Mardyks

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT

POINT I

THE ACCIDENT OF OCTOBER 10, 1997 WAS
PROXIMATE CAUSE OF PLAINTIFF'S DAMAGES ..................................... 5

POINT II

PLAINTIFF MAY COLLECT DAMAGES FOR LOST WAGES ..................... 7

CONCLUSION .................................................................................................................. 8

ii

## TABLE OF AUTHORITIES

**CASES**  **PAGE**

Tormenia v. First Investors Realty Company, Inc., ................................................. 6
251 F.3d 128 (3rd Cir. 2000)

<u>1</u>

## PRELIMINARY STATEMENT

Defendant moves in limine for an Order granting dismissal of certain of plaintiff's claims. In so doing, defendant relies solely on examining physicians, and not on any treating physician. Moreover, defendant ignores the reports of plaintiff's neurosurgeon who performed two separate surgeries including a hemilaminectomy and cervical fusion with insertion of hardware, and who, within a reasonable degree of medical probability, causally relates the injuries and need for treatment to the October 10, 1997 accident.

At the forefront of defendant's argument is the position plaintiff's injuries are degenerative. Yet, defendant fails to point to any prior event which would have caused plaintiff's condition, nor has defendant pointed to any prior treatment of the areas involved as a result of any symptoms associated with a pre-existing condition. Moreover, defendant emphasizes what it refers to as a "significant period of time" between the accident and plaintiff's identification of symptoms. Defendant would have the Court penalize plaintiff for trying to work out her symptoms without consulting a physician. Additionally, defendant fails to identify any subsequent incident which could be the basis for plaintiff's injuries.

With respect to defendant's assertion plaintiff may not present evidence for lost wages, defendant ignores plaintiff's deposition testimony she lost her job with I. Lehrhoff & Company due to this accident. Plaintiff worked at Lehrhoff as a bookkeeper without any difficulty until after the accident. Certainly, plaintiff may testify at trial as to how much she was earning at the time of her termination combined with the results of her efforts to obtain gainful employment thereafter.

<u>2</u>

Hence, plaintiff will establish, through expert testimony, proximate cause between the accident and her damages. Furthermore, plaintiff may testify regarding her lost wages. Defendant's motion must be denied and this case proceed to trial.

3

## STATEMENT OF FACTS

Plaintiff relies on the Statement of Facts as set forth in her trial brief previously filed with the Court. In combination therewith, plaintiff sets forth the following additional facts.

After the accident, plaintiff testified at deposition other than being upset, she did not realize she was injured. See deposition transcript, page 26 line 14-15, attached as Exhibit A. She further testified as to experiencing pain in her neck approximately two months after the accident. Plaintiff explained the busy season for her business was Christmas and she was not paying much attention to her symptoms stating she could not afford to have a problem. See deposition transcript, page 28 lines 22 through page 29 line 3.

Around the same time, plaintiff began to experience pain in her right leg which traveled downward. Thereafter, the symptoms progressively worsened. See deposition transcript, page 33 line 20 through page 35 line 5.

Plaintiff testified she did not see her primary care physician until the point when she felt the pain was really bothering her to where she became really distressed about it. See deposition transcript page 36 line 4 through page 37 line 6. Upon presenting to Dr. Solomon, plaintiff recalled complaining about her back and neck. See deposition transcript page 38 line 15 through 19.

During her deposition, plaintiff also testified to treating with Dr. Cho for pain management. She then presented to St. Barnabas Ambulatory Care Center where Dr. Pak treated her with epidural injections. See deposition transcript page 41 line 17 through page 42 line 13. At the time, plaintiff had what she described as extreme pain in her leg preventing her from standing for any period of time and only able to walk a short distance. In fact, when she

<u>4</u>

shopped, plaintiff used a mechanized chair and had someone accompany her. See deposition transcript page 42 line 16 through 20.

During this time, plaintiff continued to experience pain in her neck. She testified one of her physicians prescribed medication which relieved the neck pain. She submitted for several MRIs, attempted conservative treatment, but could not obtain any relief. Throughout treatment, plaintiff continued to experience pain in both her neck and leg. Eventually, she presented to Dr. Otakar Hubschmann for consultation. Dr. Hubschmann explained to plaintiff she could not continue taking the medication for her neck. He reviewed the diagnostic test results and recommended she undergo surgery for her neck. At that time, Dr. Hubschmann had also traced the source of plaintiff's leg pain to a problem in her lumbar region. Though he recommended proceeding with the neck surgery, because the pain to plaintiff's leg was more severe, she opted for the back surgery first.

Though there was initial pain for the first several months following the back surgery, plaintiff testified she noticed relief in her leg. In fact, at the time of her deposition, plaintiff testified the pain in her thigh was 99% problem free. See deposition transcript page 62 line 25 though page 63 line 2. She continued, however, to experience cramping and numbness.

Subsequently, plaintiff submitted for the second surgery. This involved a cervical fusion with insertion of hardware. She received relief following the second surgery. Dr. Hubschmann has since issued several reports pertaining to his treatment, diagnosis, prognosis and causal relationship of the injuries to the accident. He has opined to a reasonable degree of medical probability plaintiff's injuries and surgical procedures were causally related to the automobile accident of October 10, 1997.

5

## LEGAL ARGUMENT

### POINT I

### THE ACCIDENT OF OCTOBER 10, 1997 WAS PROXIMATE CAUSE OF PLAINTIFF'S DAMAGES

As set forth above, Dr. Hubschmann clearly states in his reports the opinion to a reasonable degree of medical probability, plaintiff's injuries and surgical procedures are causally related to the automobile accident of October 10, 1997. Copies of his reports are attached collectively hereto as Exhibit B. According to Dr. Hubschmann, the diagnoses, treatment and recommendations including for two surgeries are all based on the objective clinical evidence referenced in his reports.

Defendant maintains simply because it has obtained a report from Dr. Howard Blank opining plaintiff's injuries were not proximately caused by the accident, that this is sufficient for its motion to be granted. Plainly, this case is not to be decided on the basis of reports. At this point, plaintiff relies on a noted neurosurgeon, Dr. Hubschmann, whose opinions do not concur with that of defendant's expert, Dr. Blank.

Simply stated, prior to the motor vehicle accident, Ronnie Mardyks was symptom free. She had no prior neck or back injury, nor did she suffer from any ailments to these areas of her body. Subsequent to the motor vehicle accident, Ms. Mardyks experienced great pain for which she sought medical treatment.

The pain resulting from the accident did not manifest until a short time after the event. Any delay in seeking treatment, and an opinion by Dr. Blank of a degenerative condition are not sufficient to warrant the relief which defendant now seeks.

6

Plaintiff points out Dr. Hubschmann actually treated her including two surgeries. Hence, he had a first hand opportunity to actually see the conditions. Based on all of the objective information, as well as subjective complaints of the patient, he was able to opine as to a causal relationship between the injuries, treatment and accident. Dr. Blank on the other hand, only examined plaintiff for a short period of time, and did not provide any treatment.

In her Trial Brief previously submitted, plaintiff cites <u>Tormenia v. First Investors Realty Company, Inc.</u>, 251 F.3d 128 (3rd Cir. 2000). Therein, plaintiff Tormenia did not seek medical treatment until visiting a chiropractor for back and neck pain five weeks after the accident. Nine months later, she was referred to an orthopedic surgeon for examination of her left knee. Two months later, plaintiff submitted for arthroscopic surgery. Plaintiff Tormenia did not present expert testimony to explain the medical cause of her injuries. Instead, she relied on her own testimony to describe the happening of the incident and how it resulted in her injuries. The jury eventually awarded Tormenia damages, Judge William G. Bassler entered judgment and denied defendants' motion for a judgment as a matter of law from which defendants appealed. The 3rd Circuit stated New Jersey law does not require expert testimony if the claimed disability is a natural result of the alleged injury. See <u>Tormeina</u>, 251 F.3d at 132. In the case at bar, plaintiff Mardyks has submitted the expert reports of Dr. Hubschmann, and will present Dr. Hubschmann as an expert witness at the time of trial. He is expected to testify in accordance with his reports that the injuries and the need for two serious and complex surgeries were, within a reasonable degree of medical probability, caused by the October 10, 1997 accident.

For all of these reasons, as well as those which will be presented at the time of trial, plaintiff respectfully requests this Court deny defendant's motion

<u>7</u>

## POINT II

## PLAINTIFF MAY COLLECT DAMAGES FOR LOST WAGES

As a result of the accident and injuries sustained, plaintiff has lost her employment with I. Lehrhoff & Company. Due to the pain she suffered, plaintiff had difficulty obtaining gainful employment. Her condition has prevented her from obtaining a position for any duration. This information was provided to defendant during the course of discovery.

Ms. Mardyks will testify during trial her injuries made it impossible to perform her work as she had prior to the accident. Although she obtained certain temporary positions, she has been hampered by an inability to perform the various tasks associated with her job responsibilities. As a result, Ms. Mardyks has been caused to incur lost wages for which she may testify at the time of trial.

For these reasons, plaintiff respectfully requests the Court deny defendant's relief with respect to lost wages.

<u>8</u>

## CONCLUSION

For all of the foregoing reasons, plaintiff, Ronnie Mardyks, respectfully requests this Court find material issues are in dispute such that defendant's motion in limine must be denied as a matter of fact and law.

Respectfully submitted,

FISHMAN & CALLAHAN

By:_____
SCOTT D. SAMANSKY
Attorney for Plaintiff
Ronnie Mardyks

Dated: March 3, 2004

cc: Hon. Faith S. Hochberg, U.S.D.J.
Susan Handler-Menahem, Assistant U.S. Attorney

Our File No.: PL1-174-FP
FISHMAN & CALLAHAN, P.C.
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
(973)560-9000
Attorney for Plaintiff, Ronnie Mardyks

| | |
|---|---|
| RONNIE C. MARDYKS, | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff, | HON. FAITH S. HOCHBERG |
| vs. | CIVIL ACTION NO. 01-3785 |
| THOMAS J. KRISTOFF, UNITED STATES OF AMERICA and JOHN DOES, 1-10. | DECLARATION OF<br>SCOTT D. SAMANSKY |
| Defendants. | |

SCOTT D. SAMANSKY, being duly sworn declares upon penalty of perjury that

1. I am an associate in the law firm of Fishman & Callahan attorney for the plaintiff Ronnie Mardyks and I am assigned responsibility for this case.

2. The attached exhibits to the plaintiff's opposition to defendant's Motion In Limine consist of the following documents.

    Exhibit A:    Deposition transcript

    Exhibit B:    Dr. Hubschmann's reports

I declare that the foregoing is true and correct to the best of my knowledge and information.

Dated: March 3, 2004                                    SCOTT D. SAMANSKY

CERTIFICATION OF SERVICE

Re:     Mardyks v. United States, et al
        Civil Action No. 01-3785

I the undersigned secretary in the office of the law firm of Fishman & Callahan, 120 Eagle Rock Avenue, East Hanover, New Jersey 07936 hereby certify that on March 3, 2004, I served the following documents by electronic filing and lawyers service in the above referenced matter:

1.  Brief in Opposition to Defendant's Motion In Limine
2.  Declaration of Scott D. Samansky, Esq.
3.  Certificate of Service


TO:     Susan Handler-Menahem, Assistant U.S. Attorney
        970 Broad Street, Suite 700
        Newark, New Jersey 07102

        Honorable Faith S. Hochberg
        United States District Court Judge
        United States District Court
        U.S. Post Office and Courthouse Building
        Newark, New Jersey 07101


I certify under penalty of perjury that the foregoing is true and correct. Executed on the 3st day of March 2004.

                    Maria Pacilio
                    Secretary at Fishman & Callahan